Filed 1/5/22  P. v. Garcia CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JOSE FLORENDINO TELLEZ GARCIA,<br><br>　　　　Defendant and Appellant. | C090929<br><br>(Super. Ct. Nos. 19CF02013,<br>19CF03753, & 20CF02484) |

Appointed counsel for defendant Jose Florendino Tellez Garcia has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

1

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## FACTUAL AND PROCEDURAL BACKGROUND

In case No. 19CF02013, defendant was charged with failure to appear while on bail in March 2019.  (Pen. Code, § 1320.5.)[1]  It was further alleged defendant committed the offense while released on bail for a different case (Butte County case No. 18CF07972).  (§ 12022.1.)

In case No. 19CF03753, defendant was charged with automobile theft with a prior automobile theft conviction (§ 666.5; Veh. Code, § 10851, subd. (a); count 1), receipt of stolen property with a special allegation that the crime was committed while on bail (§§ 496d, subd. (a), 12022.1; count 2).  It was further alleged defendant suffered a prior prison term.  (§ 667.5, former subd. (b).)

In July 2019, defense counsel expressed a doubt as to defendant's mental competency (§ 1368) and the trial court suspended proceedings.  After reviewing an August 2019 report from a court-appointed evaluator, the trial court in September 2019 found defendant competent to stand trial and reinstated proceedings.

In October 2019, defendant agreed to a global resolution.  In case No. 19CF03753, defendant pleaded guilty to violating Vehicle Code section 10851, subdivision (a), admitted the prior automobile theft conviction (§ 666.5), and admitted the prior prison term enhancement (§ 667.5, former subd. (b)).  In case No. 19CF02013, defendant pleaded guilty to violating section 1320.5.  The remaining counts and enhancements were dismissed in each case with a *Harvey* waiver.[2]

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  *People v. Harvey* (1979) 25 Cal.3d 754.

In November 2019, the trial court sentenced defendant to county jail for five years eight months, as follows: in case No. 19CF03753 - four years for the vehicle theft charge plus one year for the prior prison term; in case No. 19CF02013 - eight months consecutive for the section 1320.5 violation. Pursuant to section 1170, the trial court suspended the remaining term and ordered defendant to be on mandatory supervision, with the provision that he serve 731 days in county jail. (§ 1170, subd. (h)(5)(A).) In each case, the trial court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), a $40 court operations fee (or $80 total) (§ 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment fee (or $60 total) (Gov. Code, § 70303). In case No. 19CF03753, the court also imposed a $4 emergency medical transport fee (Gov. Code, § 76000.10). Defense counsel did not object or request a finding that defendant had the ability to pay the fines and fees. Defendant filed a timely notice of appeal and obtained a certificate of probable cause in each case.

In April 2020, a petition was filed alleging defendant violated his probation by failing to report to the probation officer and for committing new crimes. In May 2020, defendant was remanded to custody.

In case No. 20CF02484, defendant was charged with vehicle theft with two prior convictions for vehicle theft (§ 666.5; Veh. Code, § 10851, subd. (a); count 1), vandalism over $400 damage (§ 594, subd. (a); count 2), and misdemeanor unlawful possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count 3). During the October 2020 trial, the victim testified that, in May 2020, his truck went missing, he learned defendant had taken it, and he confronted defendant about it. The victim eventually found the truck in an orchard, where defendant had said it would be. The victim had paid $3,500 for the truck, and it suffered $4,000 in damage. A police officer testified that, when he arrested defendant for the vehicle theft, he found a bag of what appeared to be methamphetamine on defendant's person. The jury found defendant

3

guilty of counts 1 and 3 and found true that defendant had two prior vehicle theft convictions and that the value of the car was $950 or more.

In November 2020, the trial court sentenced defendant to county prison for an aggregate term of five years eight months, as follows:  in case No. 19CF03753 - four years (§ 666.5; Veh. Code, § 10851, subd. (a)); in case No. 20CF02484 - one year consecutive (one-third the mid-term) for the vehicle theft charge (§ 666.5; Veh. Code, § 10851, subd. (a)) plus one year concurrent for the possession charge (Health & Saf. Code, § 11377, subd. (a)); and in case No. 19CF02013 - eight months consecutive for the failure to appear charge (§ 1320.5).  The trial court struck the prior prison term enhancement in case No. 19CF03753.  The trial court reimposed previously imposed fines and fees.  In addition, in case No. 20CF02484, the trial court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), a $40 court operations fee (§ 1465.8, subd. (a)(1)), a $30 criminal conviction assessment fee (Gov. Code, § 70303).  The trial court found defendant had the ability to pay the fines and fees imposed.

Defendant filed a timely notice of appeal in case No. 20CF02484.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/
HOCH, J.

We concur:

/s/
RAYE, P. J.

/s/
DUARTE, J.

5